**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-1209**

———————

COLLINS SABUM SCOTT,

 Petitioner,

 versus

JOHN ASHCROFT, Attorney General,

 Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-154-444)

———————

Submitted:  October 18, 2004          Decided:  October 28, 2004

———————

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Edwin K. Fogam, Silver Spring, Maryland, for Petitioner.  Peter D.
Keisler, Assistant Attorney General, Mark C. Walters, Assistant
Director, R. Lynne Harris, Senior Trial Counsel, Office of
Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Collins Sabum Scott, a native and citizen of Cameroon, seeks review of a decision of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's denial of his application for asylum. We have reviewed the administrative record and the immigration judge's decision, designated by the Board as the final agency determination, and find that substantial evidence supports the immigration judge's conclusion that Scott failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2003) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Elias-Zacarias, 502 U.S. at 483-84). We have reviewed the immigration judge's credibility determinations and find them supported by specific, cogent reasoning and therefore entitled to substantial deference. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). Thus, the administrative record supports the immigration judge's conclusion that Scott failed to establish his eligibility for asylum.

We deny Scott's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED